No. 66,149

In the Matter of CARL S. BLACK, *Respondent.*

(814 P.2d 447)

Opinion filed July 12, 1991.

*Paula B. Martin,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for the petitioner.

*Carl S. Black* appeared pro se.

*Per Curiam*: This is the second uncontested original proceeding in discipline filed by the disciplinary administrator against Carl S. Black of Shawnee Mission, the respondent. See *In re Black,* 247 Kan. 664, 801 P.2d 1319 (1990) (*Black I*). This second proceeding was pending at the time we considered *Black I*. Formal hearings before the Kansas Board for Discipline of Attorneys were held on September 5, 1990, and November 15, 1990. Respondent appeared in person and proceeded pro se.

The underlying complaint in this matter arose from respondent's handling of a divorce matter.

The panel found respondent was retained in June of 1989 by the complainant, Phyllis Jan Simpson, to obtain a divorce for her. A hearing on the divorce was held before Judge Janice D. Russell of the Johnson County District Court on October 26, 1989. At the conclusion of the hearing, the judge granted a divorce to complainant subject to Black's preparing and presenting a journal entry for the court's approval.

Subsequent to the hearing, Phyllis Jan Simpson made numerous attempts to contact Black by telephone and by letter to obtain a copy of the journal entry of divorce. Black neither responded to the client's inquiries nor prepared a journal entry for the judge to approve.

Because Black failed to respond, the client retained J. Steven Neighbors to prepare the journal entry. Neighbors initially contacted Black to give him an opportunity to prepare the journal entry. When these efforts were unsuccessful, Neighbors prepared the journal entry and filed it on February 7, 1990.

The panel found clear and convincing evidence that Black had violated Model Rules of Professional Conduct (MRPC) 1.1 (1990 Kan. Ct. R. Annot. 216) in that he did not provide competent representation to a client; that Black had violated MRPC 1.3 (1990 Kan. Ct. R. Annot. 219) in that he did not act with reasonable diligence and promptness in representing a client; and that Black had violated MRPC 1.4 (1990 Kan. Ct. R. Annot. 220) in that he neither kept his client informed of the status of the matter nor answered the requests of the client for information.

At a subsequent hearing, testimony was received as to aggravating and mitigating circumstances. The deputy disciplinary administrator offered the final hearing report from *Black I.*

As to mitigation, Black testified that he graduated from college in 1970; that after graduation he went into the Army as an airborne infantry officer, serving on active duty for five years in West Germany; and that he commanded the reserve centers in Lawrence, Kansas, and in Seneca, Kansas, for a period of time. He graduated from law school in 1980. He worked for a law firm in Kansas City, Kansas, for a period of time. He has been practicing on his own since 1983. He is married and has three children. He explains that part of his problem in handling the divorce matter resulted from an injury which required a knee operation in August 1989. Black had some trouble with his knee for a period of time after the operation.

The panel noted that Black obviously has had a great deal of difficulty managing his law office and mail and has had one previous disciplinary complaint. After considering all the evidence and the aggravating and mitigating factors, it unanimously recommended that Black be publicly censured by the Supreme Court in accordance with Rule 203(a)(3) (1990 Kan. Ct. R. Annot. 137).

In the prior case, *In re Black*, 247 Kan. at 667-69, the panel for the Board for Discipline of Attorneys found that Black had violated numerous Disciplinary Rules and Model Rules of Professional Conduct. This court found clear and convincing evidence establishing the violations found and enumerated by the panel. Although this court was concerned with the respondent's conduct towards his clients and Judge Pusateri (for over a year he ignored court rules and orders and was eventually barred from practicing law in Judge Pusateri's court), we approved the panel's acceptance

of Black's testimony that he was receiving therapy for his psychiatric problems and seeking to alleviate his family, financial, and office management problems. At that time, we noted that only the passage of time would reveal how sincere respondent's efforts for improvements were and how successful the results would be. Based on the mitigating factors, we suspended the imposition of discipline against Black for one year or until further order of the court, whichever occurred first, and placed Black on probation for the interim period subject to the following conditions:

1. That respondent continue with his present psychotherapy program. Any change therein is to be subject to the approval of the disciplinary administrator.

2. That respondent cooperate fully with the disciplinary administrator in all respects including, but not limited to, the setting up of a procedure with respondent's therapist whereby the disciplinary administrator can monitor whether or not respondent is actively following through on the treatment program.

3. That respondent pay the sanctions imposed upon him by Judge Pusateri.

4. That there be no further violations of the Disciplinary Rules, the Model Rules of Professional Conduct, or any law by the respondent during this period of probation.

In this case, we note the respondent explained some of his problems with the divorce case resulted from the injury to his knee which required an operation during August of 1989. We find that there is clear and convincing evidence to establish that Black violated MRPC 1.1, MRPC 1.3, and MRPC 1.4. We agree with the panel that the respondent should be publicly censured by the Supreme Court in accordance with Rule 203(a)(3).

IT IS THEREFORE ORDERED that Carl S. Black be and he is hereby publicly censured for his previously enumerated violations of professional conduct in the handling of this divorce matter.

IT IS FURTHER ORDERED that, in the event respondent fails to abide by the conditions originally imposed by *Black I* and set out herein, a show cause order may be issued to the respondent and this court shall take whatever disciplinary action it deems just and proper without further formal proceedings.

It Is Further Ordered that this order be published in the Kansas Reports and that respondent pay the costs of these proceedings.